

UNITED STATES DISTRICT COURT
for the
**EASTERN DISTRICT OF MICHIGAN**

DOUGLAS MUELLER,     )
             )
   Plaintiff,     )
             )
v.            )  Civil Action No. _____
             )
CARRABBA'S ITALIAN GRILL, INC. )
A foreign corporation      )
   Defendant     )
_____/
LIPTON LAW
CHRIS CAMPER (P74293)
MARC LIPTON (P43877)
Attorneys for Plaintiff
18930 W. 10 Mile Rd., #3000
Southfield, MI 48075
(248) 557-1688/557-6344 (Fax)
_____/

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in the Eastern District of the US District Court, where it was given docket number 2:14-CV-11680-DML-MJH and was assigned to Judge David Lawson. The action is no longer pending.

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, DOUGLAS MUELLER by and through his attorneys, LIPTON LAW, and for his Complaint states as follows:

**JURISDICTION**

1. Plaintiff, Douglas Mueller, is a citizen of the State of Michigan, residing in the City of Taylor, County of Wayne.

2. Defendant, CARRABBA'S ITALIAN GRILL, INC., ("CARRABBA'S") is a corporation incorporated under the laws of the State of Florida, with its principal place of business in the State of Florida.

1



3. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

4. This Court has original diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).

**COMMON ALLEGATIONS**

5. On May 21, 2012, Plaintiff was a business invitee at Carrabba's ("Defendant") restaurant located at 14805 Dix Toledo Rd., Southgate, Michigan 48195.

6. Alternatively, Plaintiff was lawfully on the premises of Defendant's property at the time of the incident and injuries set forth herein.

7. Defendant, by and through its employees, operates a national restaurant chain.

8. As more fully set forth herein, Defendant' employees as part of their employee responsibilities, are required by Federal, State, and local law, regulation and ordinance, and the common law of the State of Michigan, to dispose of waste material from Carraba's restaurant in a responsible manner.

9. Upon information and belief Defendant' employees, with the knowledge and under the direction of Defendant' supervisors, managers and owners, are unlawfully and unreasonably disposing of grease and oil out the back door of the restaurant, creating a stream of waste running from Defendant's restaurant down into the sewer drain.

10. The manner of disposing of its grease and oil is creating a hazardous condition for its invitees, and others upon or adjacent to its premises, including Plaintiff, and is in violation of applicable Federal, State and Local law, regulation and ordinance.

11. Upon information and belief, as Plaintiff was on the premises, he slipped on a stream of grease and oil created by Defendant's employees.



12. As a direct and proximate result of Defendant's policies and lack thereof, and of the conduct of its employees, Plaintiff sustained serious and permanent injuries more fully described herein, when Defendant's hazard caused Plaintiff to slip and fall onto the pavement.

13. As a direct and proximate result of the conduct of the Defendant described above, Plaintiff has suffered serious and permanent injuries including, but not limited to, the following:

   a. Left foot and ankle injury;
   b. Low back injury
   c. Other injuries not yet determined.

14. Plaintiff has been forced to undergo medical treatment and will continue to undergo medical treatment in the future, and has incurred expenses and will continue to do so in the future. Further, Plaintiff has sustained a loss of earning capacity and will continue to do so in the future.

15. Plaintiff has suffered physical pain and suffering as well as mental anguish, fright, embarrassment and shock, denial of social pleasure and enjoyment, humiliation and mortification, all of which are serious, permanent and disabling.

## COUNT I – PREMISES LIABILITY

16. Plaintiff realleges and reincorporates all allegations as if fully set forth herein.

17. At all relevant times, the Plaintiff's status was that of a business invitee, as that term is utilized in the common law of the State of Michigan.

18. As a business invitor, the Defendant has a duty to maintain its premises in a reasonably safe condition, and to warn invitees of dangers of which it knows, should have known or created, and to inspect the premises to discover possible dangerous conditions.

19. The Defendant breached this duty as follows:

18930 W Ten Mile Rd
Suite 3000
Southfield, MI 48075

Phone: 248.557.1688
Fax: 248.557.6344

www.liptonlaw.com



    a. Failing to maintain its premises in a reasonably safe condition;

    b. Failing to modify the premises in such a manner so as to reduce or eliminate the hazards created by its practice of requiring or permitting the dumping of pollutants down a sewer drain;

    c. Failing to inspect its premises for dangerous conditions;

    d. Failing to post signs or other warnings;

    e. Failing to enforce safety rules and standards;

    f. Actively creating a hazard for individuals upon its premises

    g. Other violations as shall be revealed in discovery

20. As a direct and proximate result of the violation of its duties as set forth herein, Plaintiff suffered the injuries herein described.

## COUNT II – NEGLIGENCE

21. Plaintiff realleges and reincorporates all prior allegations as if fully set forth herein.

22. At all relevant times, the Defendant had a duty to exercise reasonable care in the placement and use of equipment, the construction, maintenance and inspection of store premises, and the enactment and enforcement of suitable rules of employee conduct; Defendant are also obligated to comply with all applicable Federal, State and Local law, regulations and ordinances

23. The Defendant breached these duties in one or more of the following ways, so far as is presently known:

    a. Negligently disposing of waste material, in violation 33 USC § 1251; MCL 324.3109 and Southgate Ordinance 828.02



    b. Requiring and/or permitting its employees to toss oil and grease out its back door

    c. Requiring and/or permitting its employees to wrongfully dispose of waste creating an unreasonably slippery service on its premises

    d. Failing to post signs or other warnings a slippery condition had been created by employees;

    e. Failing to implement reasonable methods or practices to guard against injury;

    f. Failing to implement reasonably safe alternative methods that would reduce or eliminate the risk of harm created by Defendant's policies and practices.

    g. Failing to enforce safety rules and standards;

    h. Other violations as shall be revealed in discovery.

24. As a direct and proximate cause of the above negligent acts and omissions, Douglas Mueller sustained the serious injuries and damages previously set forth.

### COUNT III VIOLATION OF THE CLEAN WATER ACT

25. Plaintiff realleges and reincorporates all prior allegations as fully set forth herein.

26. Congress passed the Clean Water Act to "restore and maintain the chemical, physical and biological integrity of the Nations' waters". 33 USC § 1251

27. Clear Water Act §505 authorizes "any citizen" to bring suit "against any person// who is alleged to be in violation of (A) an effluent standard of limitation under this chapter" and grants district courts jurisdiction "to enforce such an effluent standard or limitation…and apply any appropriate civil penalties under section 1319(d) of this title" 33 USC §1365(a).

18930 W Ten Mile Rd
Suite 3000
Southfield, MI 48075

Phone: 248.557.1688
Fax: 248.557.6344

www.liptonlaw.com



28. The Clean Water Act defines "citizen" as "a person or persons having an interest which is or may be adversely affected" 33 USC §1365(g)

29. Under the Clean Water Act §309(d), "Any person who violates [Clean Water Act §301]…shall be subject to a civil penalty.

30. Clean Water Act §505 defines "effluent standard of limitation" to include "any prohibition, effluent standard of pretreatment standards under [§307]…" 33 USC §1365(f)(4); 33 USC §1317.

31. Clean Water Act §307(b) directs the EPA to "establish pretreatment standards for introduction of pollutants into treatment works." 33 USC §1317(b).

32. §307(d) of the Clean Water Act prohibits an owner or operator from "operating any source in violation of any …effluent standards or prohibition of pretreatment standard" 33 USC §1371(d).

33. Plaintiff has complied with the 60 days notice of intent to sue pursuant to 33 U.S.C. § 1365.

WHEREFORE, your Plaintiff prays that this Honorable Court grant judgment against. Inc., for that sum in excess of $75,000 which is justified by the evidence, together with costs, interest, and attorney fees.

Respectfully submitted,

/S/ CHIS CAMPER
Chris Camper (P74293)
Marc Lipton (P43877)
Attorneys for Plaintiff
18930 W. Ten Mile Rd., #3000
Southfield, MI 48075
(248) 557-1688

Dated: September 29, 2014



## DEMAND FOR JURY TRIAL

Plaintiff Douglas Mueller hereby requests a jury demand herein in reference to the above-entitled matter.

                              Respectfully submitted,

                              /s/  Chris Camper
                              Chris Camper (P74293)
                              Attorney for Plaintiff
                              18930 W. Ten Mile Rd., #3000
                              Southfield, MI  48075
                              (248) 557-1688

Dated:  September 29, 2014